IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IVAN L. BROOKS, | ) | CASE NO. 1:23 CV 715 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| SHERIFF PHIL STAMMITTI, *et al.*, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**Background**

*Pro se* Plaintiff Ivan L. Brooks, a detainee in the Lorain County Jail (LCJ) awaiting trial in the Lorain County Court of Common Pleas (Case No. 19 CR 100471), filed an *in forma pauperis* civil rights complaint in this case under 42 U.S.C. § 1983 against ten LCJ employees (Doc. No. 1.)[1] The complaint seeks declaratory, injunctive, and monetary relief for alleged violations of the First, Eighth, and Fourteenth Amendments.

His complaint alleges four claims. In claim one, plaintiff alleges that his rights under the First Amendment are being violated by a prison policy allowing prisoners to receive incoming mail only on postcards and prohibiting them from receiving incoming mail in letter form. (*Id*. at 8-9.) In claim two, plaintiff alleges that Defendant Adkisson used excessive force, including a K-9 unit, against "inmates" and "prisoners" following a peaceful prisoner protest. (*Id*. at 10-11.) In claim three, plaintiff contends his rights were violated in connection with prison discipline

---

[1] The defendants include: Sheriff Phil Stammitti, J.A. Gordon, Lt. Crum, Sgt. Coonrod, Sgt. C. Irish, Sgt. Metler, Sgt. Shrenkel, Sgt. Jones, C.O. Adkisson, and C.O. Hall. (*Id*. at 2.)

1

imposed on him following the aforementioned protest. (*Id*. at 11-13.) He contends he has been discriminated and retaliated against and subjected to cruel and unusual punishment as a result of discipline, including segregation, full restraints, and limited exercise, and he states he was told the discipline would last for the "remainder of [his] stay at [LCJ]." (*Id.* at 11.) In claim four, he contends defendants have violated his rights under the First, Eighth, and Fourteenth Amendments by prohibiting him from attending in-person group religious services (but allowing "one by one" religious services) and by providing him nutritionally inadequate meals during Ramadan. (*Id*. at 14-16.)

## Standard of Review and Discussion

Plaintiff's motion to proceed *in forma pauperis* has been granted by separate order. Accordingly, his complaint is now before the Court for initial review under 28 U.S.C. § 1915(e). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). That statute requires the Court to dismiss before service any portion of plaintiff's complaint that the Court determines is frivolous or malicious, fails to state a claim upon which he may be granted relief, or seeks monetary relief from a defendant who is immune. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Because plaintiff is proceeding *pro se*, his complaint is liberally construed. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Liberally construing plaintiff's complaint on screening, the Court does not find plaintiff's first, third, and fourth claims facially insufficient. The Court, however, finds that plaintiff has alleged no plausible claim upon which he may be granted relief for alleged excessive force in claim two.

It is well established that a *pro se* prisoner cannot assert the rights of other prisoners. *Newsom v. Norris*, 88 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and ... lacks standing to assert the constitutional rights of other prisoners"). *See also Garrison v. Michigan Dept. of Corrections*, 333 F. App'x 914, 919 (6th Cir. 2009) ("a *pro se* litigant may represent himself on his own claims, but [he] may not act in a representative capacity").

In claim two, plaintiff alleges that following refusal of prisoners to lock down, K-9 and other excessive force was used against "inmates" and "prisoners" generally, and that such force was used specifically against another inmate. (*See* Doc. No. 1 at 10-11.) But plaintiff does not set forth facts from which a plausible inference could be drawn that excessive force was used against plaintiff himself. The only allegations plaintiff makes specific to himself is that after he was told to lock down, he refused to comply and that "Defendant C.O. Adkisson proceeded to push [him] in the chest, saying go to your cell." (*Id.* at 10.) These allegations are insufficient to state a plausible excessive force claim upon which he may be granted relief. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ( (noting that under the Eighth Amendment "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim") (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)); *Graham v. Connor*, 490 U.S. 286, 396 (1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the [Constitution].") (internal citation and quotation marks omitted).

## Conclusion

Plaintiff's complaint is dismissed as to claim two pursuant to 28 U.S.C. § 1915(e). The Court certifies that an appeal from this decision could not be taken in good faith.

Although the Court finds that the action may proceed as to claims one, three, and four as against the defendants alleged to have personal involvement in the conduct alleged, plaintiff has not supplied the Court with sufficient completed U.S. Marshal forms and summonses, and a copy of his complaint, necessary for the U.S. Marshal to effectuate service of process on the defendants.[2]

Plaintiff is therefore ordered, within thirty (30) days of the date of this Order, to supply to the Court two completed summonses, one completed U.S. Marshal form, and a copy of his complaint for *each* defendant he names in claims one, three, and four. If plaintiff timely supplies such materials, the matter will be forwarded to the U.S. Marshal for service of process.

Plaintiff is notified that failure to timely comply with this Order will result in dismissal of the action without further notice.

IT IS SO ORDERED.

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: April 24, 2024

---

[2] Plaintiff attempted to put all of the defendants on one summons form; however, plaintiff is required to provide separate summonses, a completed U.S. Marshal form, as well as a copy of his complaint, for *each* defendant requiring service of the pleading.